NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRAVERSE THERAPY SERVICES, PLLC,

Plaintiff - Appellant,

v.

SADLER-BRIDGES WELLNESS GROUP, PLLC; JAMES BOULDING-BRIDGES; HALEY CAMPBELL,

Defendants - Appellees.

No. 24-3931

D.C. No.
2:23-cv-01239-MJP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted July 8, 2025
Seattle, Washington

Before: HAWKINS, CLIFTON, and BENNETT, Circuit Judges.

Appellant Traverse Therapy Services, PLLC ("Traverse") appeals the denial

of its motion for partial summary judgment and *sua sponte* grant of summary

judgment to Appellees Sadler-Bridges Wellness Group, PLLC, James Boulding-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Bridges, and Haley Campbell ("Sadler-Bridges") under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836, and Washington's Uniform Trade Secrets Act ("UTSA"), Wash. Rev. Code §§ 19.108.010-.940. Traverse also appeals several discovery rulings and a denial of a motion for sanctions and requests sanctions for defending against Sadler-Bridges' motion to dismiss this appeal for untimeliness. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for further proceedings.

Traverse's appeal was timely. Final judgment was entered on June 3, 2024. Traverse filed its notice of appeal on June 26, 2024. This was within thirty days of the entry of judgment, as required by Federal Rule of Appellate Procedure 4(a)(1)(A). We decline to award Traverse attorneys' fees under Federal Rule of Appellate Procedure 38 or 28 U.S.C § 1927 for defending against Sadler-Bridges' motion. Sadler-Bridges raised a possible ambiguity in the record in good faith, and thus its argument was not wholly lacking "foundation in fact or law." *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989).

We review a grant of summary judgment *de novo*. *Los Padres ForestWatch v. United States Forest Serv.*, 25 F.4th 649, 654 (9th Cir. 2022). In doing so, and viewing the evidence in the light most favorable to Traverse, we find that genuine issues of material fact exist for each element of the DTSA and UTSA claims. Traverse presented evidence that its client list was "a compilation of information,"

that was potentially "valuable because [it was] unknown to others," and that Traverse "made reasonable attempts to keep the information secret." *Ed Nowogroski Ins., Inc. v. Rucker*, 971 P.2d 936, 944 (Wash. 1999); *see InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020) (citing 18 U.S.C. § 1839(3), (5)). That Traverse may have had an additional legal obligation under HIPAA to keep the client list confidential, while perhaps worthy of consideration by a trier of fact, is not dispositive as to whether the client list was a trade secret. *See Ed Nowogroski Ins.*, 971 P.2d at 941 ("[T]he determination in a given case whether specific information is a trade secret [under Washington's UTSA] is a factual question."); *see InteliClear*, 978 F.3d at 660 (holding that there was a genuine dispute of fact as to whether a trade secret existed under the DTSA). Disputes of fact also exist as to whether Campbell's email was sent "without express or implied consent," 18 U.S.C. § 1839(5)(B); Wash. Rev. Code § 19.108.010(2)(b), or whether Appellees "knew or had reason to know" that the client list was a trade secret given the language of their employment agreements, 18 U.S.C. § 1839(5)(B); Wash. Rev. Code § 19.108.010(2)(b). Accordingly, summary judgment for Sadler-Bridges was inappropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

To the extent that Sadler-Bridges did not respond to Traverse's various Requests for Admission, they are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). The district court is instructed to re-evaluate the remainder of the challenged

discovery in light of these admitted facts and our ruling on the merits of summary judgment. *See Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

We review discovery sanction orders under Federal Rule of Civil Procedure 37 for an abuse of discretion, *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007), and should "not reverse absent a definite and firm conviction that the district court made a clear error of judgment," *Allen v. Exxon Corp. (In re The Exxon Valdez)*, 102 F.3d 429, 432 (9th Cir. 1996) (citation omitted). There was no abuse of discretion in declining to award sanctions pursuant to Rule 37 in light of Traverse's failure to point to any direct evidence of spoliation or bad faith by Sadler-Bridges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**